I concur in the majority's analysis and disposition of appellant's Assignments of Error I, II, IV, and V. However, I respectfully dissent from the majority's conclusion appellant's Assignments of Error III and VI are premature. The majority apparently does so based upon its conclusion cancellation by the consumer anytime prior to receiving a notice of cancellation from a contractor relieves the consumer from paying for the work completed. (Maj. Op. at 15).
I specifically disagree with the conclusion reached by the Second District Court of Appeals in Clemens v. Duwel (1995), 100 Ohio App.3d 423, and this Court in Patterson v. Stockert (Dec. 13, 2002), Tuscarawas App. No. 2000AP010002, unreported. To allow appellant to recover all payments made under the contract while retaining the value of goods provided and the benefit of services performed by appellee in a workmanlike manner, merely because of appellee's failure to timely provide a notice of cancellation, is inequitable.
Hypothetically, applying the holdings in Clemens and Patterson, a contractor could provide $100,000 worth of goods and services to a consumer yet receive nothing in exchange merely because the contractor failed to provide the consumer a notice of cancellation with the original contract. While I agree the risk of loss during the first full three days after execution of the contract should fall upon the contractor, a different rule should apply thereafter. The contractor should be entitled to the reasonable value of
goods provided and services performed prior to the date of cancellation by the consumer subject to offset for any actual or statutory damages due the consumer for any violation(s) of either the HSSA or CSPA. To hold otherwise provides a windfall to the consumer.